# EXHIBIT A

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503



## SUMMONS ON COMPLAINT
Rule 4 Ohio Rules of Civil Procedure

------========*========------

Case No. 2014 CV 01044

AMANDA APANASEWICZ    -vs-    PENNYMAC LOAN SERVICES LLC
8572 INDIAN CREEK                        % CT CORPORATION SYSTEM
YOUNGSTOWN, OH 44514           1300 EAST NINTH STREET
                                                        CLEVELAND, OH 44114

TO: PENNYMAC LOAN SERVICES    % CT CORPORATION SYSTEM
LLC                                                1300 EAST NINTH STREET
                                                        CLEVELAND, OH 44114

        Defendant

To the above named defendant(s): (See attached complaint for additional parties)

      You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against by in this court by the plaintiff(s) named herein.

      You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

      The name and address of the plaintiff('s') attorney is as follows:

         PHILIP D ZUZOLO ESQ
         700 YOUNGSTOWN-WARREN RD
         NILES OH 44446

      If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                                               ANTHONY VIVO
                                   Mahoning County Clerk of Courts

                                              April 30, 2014

                               By: N. Dascenzo
                                              Deputy Clerk

**IF UNDELIVERABLE RETURN TO**
**ANTHONY VIVO**
Mahoning County Clerk of Courts
120 Market Street, Youngstown, Ohio 44503-1756

CERTIFIED MAIL™



7196 9008 9111 1751 4123



U.S. POSTAGE >> PITNEY BOWES

ZIP 44503 $ 006.48⁰
02 1W
0001390687 MAY. 01. 2014

2014 CV 01044
7196 9008 9111 1751 412

PENNYMAC LOAN SERVICES LLC
% CT CORPORATION SYSTEM
1300 EAST NINTH STREET
CLEVELAND, OH 44114

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

APR 25 2014
FILED
ANTHONY VIVO, CLERK

| | |
|---|---|
| Amanda Apanasewicz ) | Case No. 2014-CV-1044 |
| 8572 Indian Creek ) | |
| Youngstown, Ohio 44514 ) | |
| ) | Judge DURKIN |
| Plaintiff, ) | |
| vs. ) | |
| ) | COMPLAINT |
| PennyMac Loan Services, LLC ) | |
| c/o CT Corporation System ) | WITH JURY DEMAND |
| 1300 East Ninth Street ) | AND INSTRUCTIONS FOR |
| Cleveland, Ohio 44114 ) | SERVICE |
| ) | |
| Defendant. ) | |

Now comes Plaintiff, Amanda Apanasewicz, by and through counsel and for her complaint against Defendant Pennymac Loan Services, LLC states as follows:

Preliminary Statement of the Case

Plaintiff entered into a Chapter 13 bankruptcy and one year after filing, she decided to surrender property that she jointly owned with her ex-husband. After this surrender, Pennymac, the creditor for this property's mortgage, foreclosed on the property. Plaintiff no longer had any interest or liability in the property.

Despite the automatic stay that protects Plaintiff while in her bankruptcy from creditor calls and harassments, Pennymac began continuously calling her two and a half years later. The calls tried to collect mortgage payments from Plaintiff for the property she surrendered. Plaintiff informed Pennymac that she was represented by an attorney. Pennymac has never stopped calling Plaintiff and still tries to collect payments from her that she does not owe.

1

Parties

1. Plaintiff, Amanda Apanasewicz, is a natural person who resides in the County of Mahoning, State of Ohio.

2. Pennymac Loan Services, LLC ("Pennymac"), is a foreign corporation doing business in the State of Ohio.

Statement of Jurisdiction

3. Jurisdiction and venue in this judicial district are proper because the Plaintiff resides in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

Factual Allegations

4. Plaintiff filed a Chapter 13 bankruptcy on December 4, 2009.

5. On March 31, 2010, Pennymac filed a Proof of Claim for a mortgage on property located at 571 Hazelwood Avenue SE, Warren, Ohio 44483 ("the Property"). Plaintiff's ex-husband was a co-debtor on this property and used it as his residence.

6. On December 2, 2010, Pennymac filed a Motion for Relief from Stay and Abandonment.

7. On December 8, 2010, an Agreed Order was filed that granted Pennymac's motion.

8. The Agreed Order stated that Plaintiff surrendered her interest in the Property and the Automatic Stay was terminated to the extent that Pennymac could pursue foreclosure proceedings.

9. On May 12, 2011, Pennymac filed a foreclosure action against the Property in the Trumbull County Court of Common Pleas.

10. On January 10, 2012, Pennymac voluntarily dismissed the foreclosure action.

11. On October 30, 2012, Pennymac filed a second foreclosure action against the Property in the Trumbull County Court of Common Pleas.

12. On February 13, 2014, the Property was sold in a Sheriff's Sale to Pennymac.

13. Starting in July 2013, Pennymac began calling Plaintiff repeatedly on her cell phone using an automatic dialer and/or robotic voice dialer.

14. The constant calls were attempting to collect mortgage payments for the Property. During this time, the Property was already in foreclosure proceedings initiated by Pennymac.

15. After telling Pennymac that she was represented by counsel, Pennymac still called constantly regarding the Property.

16. Pennymac has never stopped calling Plaintiff.

17. To present, Pennymac has called Plaintiff approximately 80 times.

18. The actions taken by Pennymac have caused Plaintiff to suffer non-economic damages, including but not limited to frustration, mental anguish, aggravation, anger, loss of privacy, embarrassment, and humiliation. In addition, the assertions by Pennymac that Plaintiff was going to be liable for the back mortgage payments on the Property caused her stress and anxiety.

3

## Count I:

### Telephone Consumer Protection Act

19. Plaintiff reasserts each and every preceding allegation as if fully rewritten herein.

20. The Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227(b)(1)(A)(iii) makes it unlawful:

> A. To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ...
>
>> iii. To any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.

21. Pennymac initiated calls with an autodial predictive dialer and/or artificial or prerecorded voice in violation of the TCPA to Plaintiff's cell phone without Plaintiff's express prior permission.

22. Plaintiff believes that discovery will show approximately 80 calls since July of 2013.

23. Plaintiff is entitled to $500 to $1,500 per phone call for willful violations of the Telephone Consumer Protection Act.

## Count II:

### Invasion of Privacy by Intrusion Upon Seclusion

24. Plaintiff reasserts each and every preceding allegation as if fully rewritten herein.

25. Pennymac intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, or private concerns or affairs.

4

26. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, or private concerns or affairs.

27. Without Plaintiff's consent, Pennymac called Plaintiff's cell phone approximately 80 times since July of 2013 using an auto predictive dialer and/or robotic voice dialer.

28. On multiple occasions, Plaintiff informed Pennymac that she was represented by counsel but the calls continued.

29. Pennymac's intrusion into Plaintiff's privacy occurred in such a way that would be highly offensive to a reasonable person in Plaintiff's position.

30. Plaintiff was seriously damaged as a result of these calls and is entitled to damages, costs, and attorney's fees.

## Demand for Relief

WHEREFORE, Plaintiff having set forth her claims for relief against Defendant respectfully prays of the Court as follows:

A. That Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. With respect to Count I, that Plaintiff have and recover against the Defendant $500 for each call that was in violation of the TCPA and $1,500 for each call that was in willful violation of the TCPA.

E. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney;

F. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Philip D. Zuzolo #0081865
Patrick B. Duricy #0042511
Zuzolo Law Offices, LLC
Attorney for Plaintiff
700 Youngstown Warren Road
Niles, Ohio 44446
330-652-1609
330-652-9421 – fax
lawyers@zuzolo.com

### Jury Demand

Plaintiff requests a trial by jury in this cause with the maximum number of jurors permitted by law.

_____
Philip D. Zuzolo #0081865
Patrick B. Duricy #0042511
Zuzolo Law Offices, LLC
Attorney for Plaintiff

### INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve a copy of the Summons and Complaint on the Defendants at the addresses listed about by certified mail, return receipt requested pursuant to the Ohio Rules of Civil Procedure.

_____
Philip D. Zuzolo #0081865
Patrick B. Duricy #0042511
Zuzolo Law Offices, LLC
Attorney for Plaintiff

6